UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS J. DINSE, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>CARLISLE FOODSERVICE PRODUCTS, )<br>INC., a Delaware corporation, )<br>)<br>Defendant. ) | Case No. CIV-2011- 905-HE<br><br>JURY TRIAL DEMANDED |

COMPLAINT

COMES NOW, Douglas J. Dinse, the plaintiff, and files, as a matter of course, the following Complaint:

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Amendments Act of 2008, as amended, ("ADAAA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Douglas J. Dinse, the plaintiff and charging party, who was adversely affected by such practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12117(a), as amended, which incorporates by reference Sections 2000e-4 through 9 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.

2. The employment practices alleged to be unlawful were being committed within the

bmd

jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3.     Plaintiff, DOUGLAS J. DINSE, ("the plaintiff"), is an individual residing in Oklahoma City, Oklahoma County, Oklahoma.

4.     At all relevant times, Defendant CARLISLE FOODSERVICE PRODUCTS, INC., (the "Defendant"), has continuously been doing business in the State of Oklahoma and the City of Oklahoma City, and has continuously had at least fifteen employees.  The defendant's service agent is Prentice-Hall Corporation System, Oklahoma, Inc, 115 SW 89th St, Oklahoma City, OK.

5.     At all relevant times, defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADAAA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADAAA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, defendant has been a covered entity under Section 101(2) of the ADAAA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Douglas J. Dinse timely filed a charge with the U.S. Equal Employment Opportunity Commission (EEOC), in Oklahoma City, Oklahoma alleging violations of Title I of the ADA by Defendant.  The EEOC found reasonable cause to believe violations of the statutes had occurred in its "Determination Letter" dated March 31, 2011, and issued a "Notice of Right to Sue" on May 26, 2011.  (See attached.)  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least December, 2008, Defendant has engaged in unlawful employment practices, in violation of Section 102 of Title I of the ADAAA, 42 U.S.C. § 12112, in that:

(a)     Douglas J. Dinse began suffering severe pain, is diabetic, began walking with a cane and began treatment which recommended that he needed hip replacement. He missed work during his employment due to physical therapy and doctor's appointments. His physical condition at the time substantially limited him in the major life activities of walking, standing, running, lifting, bending, pushing, pulling and in the functioning of his musculoskeletal system. Accordingly, he is a qualified individual with a disability as defined in the ADAAA.

(b)     Mr. Dinse began working with the defendant as a Project Engineer on or about September 29, 2008. Mr. Dinse's immediate supervisor was Greg Davis, Engineering Supervisor. Martin Benning, Director of Engineering, was the next level supervisor. The defendant has acknowledged that the plaintiff performed his job satisfactorily for the first five months of his employment. At all relevant times, Douglas J. Dinse was an employee of defendant.

(c)     Mr. Dinse advised the defendant that he had a serious medical condition that required a reasonable accommodation. The defendant granted certain minor accommodations related to the plaintiff's disability, but failed to provide an accommodation that would have allowed him to perform essential functions of his job. Nevertheless, the defendant placed the plaintiff on a thirty-day performance improvement plan on June 12, 2009.

(d)     On or about August 21, 2009, and one day after the plaintiff informed the defendant that he was scheduled for needed corrective surgery in September, 2009, the defendant terminated the plaintiff's employment, in violation of The Americans with Disabilities Act of 1990, as amended. As a result, the surgery was delayed several weeks.

9. The effect of the practices complained of in paragraphs 8 (a) through (d) has been to deprive Mr. Dinse of equal employment opportunities and otherwise adversely affect his employment status on the basis of his disability.

10. The unlawful employment practices complained of in paragraph 8 (a) through (d) above were intentional.

11. The unlawful employment practices complained of in paragraph 8 (a) through (d) above were done with malice or with reckless indifference to the federally protected rights of Mr. Dinse, thus entitling him to an award of punitive damages.

## PRAYER FOR RELIEF

Wherefore, the plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with defendant, from engaging in unlawful employment practices which discriminate on the basis of disability.

B. Order defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities, to eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order defendant to make Douglas J. Dinse whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief as necessary to eradicate the effects of defendant's unlawful employment practices.

D. Order defendant to make Douglas J. Dinse whole by providing compensation for past, present, and future pecuniary and non-pecuniary injuries resulting from the unlawful practices complained of at paragraph 8(a) through (d), above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, costs related to the loss of health insurance and benefits

resulting from the termination, embarrassment and humiliation, in amounts to be determined at trial.

  E. Order defendant to reinstate Douglas J. Dinse, or compensate him with an appropriate amount as front pay, along with applicable interest.

  F. Order defendant to pay Douglas J. Dinse punitive damages for its malicious and reckless conduct as described above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the plaintiff his attorney's fees and costs for this action.

## JURY TRIAL DEMAND

The plaintiff requests a jury trial on all questions of fact raised by his complaint.

    /s/ Brian M. Dell
    Brian M. Dell
    Brian M. Dell, P.C.
    OKBA No. 2285; TXBA No. 24043436
    501 N.W. 13th Street
    Oklahoma City, OK  73103-2203
    (405) 235-1115; fax 1 (888) 607-8011
    www.briandell.com
    email:  bdell@briandell.com

    ATTORNEY FOR THE PLAINTIFF

ATTORNEY'S LIEN CLAIMED
JURY TRIAL DEMANDED